TOWN OF SHARON *vs.* TOWN OF SALISBURY.

Selectmen of a town have full power, by virtue of their office, to settle an account presented by another town against the town which they represent, for supplies furnished to a pauper belonging to their town.

And the payment of such an account is of the nature of an implied admission that the pauper is a settled inhabitant of the town, and the fact is therefore evidence against the town in a suit afterwards brought for other supplies furnished the pauper.

In a suit for supplies furnished to a pauper, the question was whether the pauper had gained a settlement in *S*, the defendant town, by residing there for six years, between the years 1844 and 1854. The defendants claimed that during a portion of the years 1845, 1846 and 1847, he had resided in the state of New York, and that in 1852, within six years after his return, a demand was made upon him for a lawful tax which he neglected to pay. The plaintiffs claimed that the absences were merely temporary and that the pauper was residing in *S* during the three years in question, making a residence of six years before the demand for the tax. The plaintiffs' counsel also claimed that, for certain reasons, the neglect to pay the tax did not prevent the pauper acquiring a settlement, and upon the question so made, the defendants' counsel requested the court to charge the jury in favor of the defendants ; but the court, overlooking the point, put the case to the jury wholly as one of fact, depending upon the inquiry whether the pauper resided in the state of New York during the three years in question or in the town of *S*. The jury having found by their verdict that his residence was in *S* during that time, it was held, on a motion of the defendants for a new trial, that the omission of the judge to charge the jury in their favor on the tax question was wholly unimportant, as the jury had found that the pauper had gained a settlement before the tax was demanded.

ASSUMPSIT, for supplies furnished to a pauper. On the trial of the case to the jury, the principal question in issue was, whether Preston Caulkins, the pauper, had gained a settlement in Salisbury by commorancy. The plaintiffs offered to prove by one Hartwell, a former selectman of Sharon, that in 1856 the selectmen of Salisbury paid to him, for the benefit of Sharon, a bill amounting to $42, twelve dollars of which was for money expended by Sharon for the support of Caulkins, he then being a town charge. The defendants objected to this evidence, but the court admitted it. They thereupon offered evidence to prove that, at the time the $42 was paid, there was an unsettled account between the towns, each presenting demands against the other, and that the accounts were compromised by the payment of that sum ; and that the selectmen

of Salisbury did not take into consideration the place of Caulkins' settlement, and made no inquiry regarding it, and had no knowledge upon the subject, and that they paid the $42 without any authority from the town of Salisbury. They therefore requested the court to charge the jury that they should disregard Hartwell's evidence and exclude it from their consideration. The court charged the jury that mere admissions of selectmen were inadmissible in evidence against the town of which they were the agents, but that their official acts within the scope of their authority were admissible; that in this case, as all the facts relating to the residence of the pauper had been gone into before the jury, the act of the selectmen in paying the bill was of but little importance, but that the court could not regard it as inadmissible and withdraw the evidence from the consideration of the jury, and that it was for the jury to give it such weight as they thought it entitled to.

The plaintiffs claimed, and offered evidence to prove, that the pauper gained a settlement in Salisbury by residing there from March, 1844, when he became of age, to the fall of 1854. The defendants claimed, and offered evidence to prove, that his residence in Salisbury was interrupted by residence in the state of New York during portions of the years 1845, 1846 and 1847; and that in 1852, within six years after his return to Salisbury, demand had been regularly made on him for the payment of a lawful tax, imposed by the town of Salisbury and then due, and payment refused, and that this tax was abated on the 27th of March, 1854. In the argument to the jury, the junior counsel for the plaintiffs claimed, first, that the absences of the pauper in New York were temporary, and that his domicil was in Salisbury during these absences; and secondly, if otherwise, that still the pauper had gained a settlement by residence in Salisbury from 1847 until the abatement of the tax in March, 1854, and claimed, as matter of law, that the mere non-payment of the tax in 1852 did not prevent the gaining of a settlement. The counsel for the defendants claimed that the pauper's continuous residence in Salisbury did not commence till the spring of 1847, and that the non-

payment of the tax within six years prevented the gaining of a settlement; and that the failure to abate the tax till 1854, was a matter of no consequence; and requested the court so to charge the jury. The senior counsel for the plaintiffs, in the closing argument, placed the case wholly upon the ground that the residences of the pauper in New York were temporary, and did not allude to the claim made by his associate, in regard to the necessity of the abatement of the tax. The court, regarding this claim of the plaintiffs' junior counsel as abandoned, did not in any manner refer to it, but, in charging the jury, treated the case as turning wholly upon the question of fact, whether the residence of the pauper in New York in 1845, 1846, and 1847, was temporary, or whether he retained a domicil in Salisbury, so as properly to be deemed a resident of Salisbury during all that time.

The jury rendered a verdict for the plaintiffs, and the defendants moved for a new trial.

*Warner*, in support of the motion.

1. The testimony of Hartwell should have been rejected, especially after it was proved that the twelve dollars for the support of the pauper was paid by the selectmen of Salisbury without taking into consideration the place of the pauper's settlement or making any inquiry or investigation in relation thereto, and without the knowledge, authority or direction of the defendants. If the evidence was admissible, it must be on the ground that it was an admission of the party to the record, or its authorized agent. The selectmen of Salisbury had no such authority. *Fairfield County Turnpike Co.* v. *Thorp*, 13 Conn., 178. *New Milford* v. *Sherman*, 21 id., 114. *Hartford Bank* v. *Hart*, 3 Day, 493. *Dudley* v. *Weston*, 1 Met., 477. 1 Swift Dig., 762.

2. It was a compromise, and therefore not admissible.

3. The plaintiffs' claim was that the pauper had gained a settlement by residing in Salisbury from the spring of 1844 to the fall of 1854. This was denied by the defendants. The claim of the counsel who opened the case for the plaintiffs, that the nonpayment of the tax in 1852 would not prevent the pauper

gaining a settlement in Salisbury by a residence from 1847 to the fall of 1854, will be conceded to be an error. But it was a claim which the defendants' counsel were obliged to answer, and request the court to instruct the jury upon. The fact that the counsel who closed the case to the jury did not allude to the subject, does not show that they had abandoned it. It does not appear from what language used by the plaintiffs' counsel the court inferred that the plaintiffs abandoned the claim, nor in what language or mode of expression the court addressed the jury, from which they might infer that the claim was abandoned. But the court does say that " it did not in any manner refer to the subject," and of this the defendants complain. The jury may have regarded the point as one of importance, and it may have affected their verdict.

*Sedgwick* and *Stoddard,* contra.

1. The selectmen of the town of Salisbury had full power to make a settlement with the town of Sharon for the supplies furnished the pauper. The selectmen of a town are overseers of the poor by express provision of the statute. Rev. Stat. tit. 42, § 14. They had authority also under the general powers pertaining to their office. Rev. Stat., tit. 3, § 27. The act, if authorized, would of course be an implied admission on the part of the town that the pauper was an inhabitant of the town. *Marlborough* v. *Sisson,* 23 Conn., 44.

2. The charge to the jury which put the case wholly upon the question whether the pauper had gained a settlement in Salisbury prior to the year 1852, when the tax was demanded, was equivalent to a charge in the defendants' favor with regard to the effect of the non-payment of the tax. The jury having found that the pauper had resided in Salisbury for six years before 1852, the question as to the effect of the non-payment of the tax became wholly immaterial.

STORRS, C. J. It is very clear, according to one of the most familiar principles of evidence, and indeed it is not questioned,

that if the town of Salisbury settled with and paid to the town of Sharon an account which embraced, among other charges, one against the former for the support of Caulkins as a pauper belonging to that town, such payment was an act in the nature of an implied admission that he was a legally settled inhabitant of that town, and that it was its duty to support him, and therefore evidence of that payment was in its nature receivable as such an admission.   And if the selectmen of that town had authority to adjust and pay that account on its behalf, their acts done in the exercise of such authority would in law be deemed to be the acts of the town, and such payment being one of those acts, was therefore properly admitted in evidence. Of the authority of those selectmen to make that adjustment and payment we entertain no doubt.   That power is so explicitly conferred upon selectmen by the 27th section of the act concerning communities and corporations, (Rev. Stat., tit. 3.,) that there is no room for a question on this point.   It provides that " it shall be the duty of the selectmen [of towns] to superintend the concerns of the town, and to adjust and settle all accounts against the same, and to draw orders on the treasurer for their payment."   This statute, by thus imposing upon the selectmen the duty, and consequently conferring upon them the power, of performing those acts, constitutes them the agents of the town for those purposes, and it was not requisite to the validity of their acts that any authority should be specially conferred on them by the town.   *Union* v. *Crawford*, 19 Conn., 331.

The claim of the defendants on the trial, in regard to the payment by them to the plaintiffs of the account against the former being made as a mere compromise, and the disposition of that subject by the court below, is stated too loosely in the motion to warrant us in interfering on that point.   It does not appear whether the testimony on that claim was submitted to the judge for him to decide as to its admissibility, or whether he was requested to instruct the jury that, if they found such payment to have been made only as a compromise, they should reject it from their consideration.   If the latter was the case, it should be made to appear clearly from the motion before we

can be called on to consider it in that aspect. The former however was the case, as far as we can conjecture, and, if so, it is presumable that the court below found that the claim of the defendants was unsupported by the evidence adduced by them and on which they insisted that the testimony now in question should be excluded ; and if that was the course taken the defendants have no reason to complain, since it would be for the court to decide upon the admissibility of that testimony, and it does not appear that its decision was incorrect. It is sufficient on this point, that the motion does not show that the court below erred in the course which was taken.

We do not think that the defendants have any reason to complain of the omission of the court below to charge the jury as to the effect of the non-payment of the tax imposed on Caulkins by the town of Salisbury, and its subsequent abatement, upon the question of his acquisition of a settlement in that town. If the only ground on which the plaintiffs claimed that the pauper had acquired a settlement in Salisbury had been, that he had resided there continuously for six years subsequent to the year 1857, and it appeared that during that period a tax was imposed on him by that town which he had neglected to pay, the defendants would have had a right to a charge to the jury upon the effect of such non-payment, because it would have presented a question of law ; and if it had further appeared that that tax had been subsequently abated by the town, perhaps the defendants might have properly required a charge on the effect of such abatement. But in this case the plaintiffs claimed, not only that the pauper acquired a settlement there by a residence during that particular period, but that, however that might be, he gained a settlement in that town by a continuous residence in it for six years previous to the time when said tax was imposed. Hence it is obvious that if he had become settled there by such a residence before the imposition of the tax, it would be immaterial whether he had neglected to pay taxes which were afterwards laid on him. The court below, supposing, whether erroneously or not, that the plaintiffs had abandoned a claim which had been suggested as to the effect of the abatement of the tax

after payment of it had been refused, omitted to charge the jury on that point, and submitted the case to the jury only on the question whether the pauper by a residence in Salisbury had acquired a legal settlement in that town before the imposition of the tax which was abated, instructing them that if they found such to have been the case their verdict should be for the plaintiffs.    Their verdict for the plaintiffs on that point of course found the acquisition of such a settlement, and consequently the effect of the abatement of the tax subsequently laid became immaterial, and the defendants could not be injured however it was disposed of.

A new trial is not advised.

In this opinion the other judges concurred.

New trial not advised.