GENTRY v. ALEXANDER, PRESIDENT OF THE BANK OF GOSPORT.

May Term, 1861.

*A.* having a judgment against a bank, organized under the general law of the State, in which he was also a stockholder, and as such liable to the creditors of the bank to an amount equal to his stock, agreed that such amount should be applied to the satisfaction of his judgment; and, on motion of the bank, satisfaction was accordingly entered.

*Held,* that *A.* would be liable to creditors of the bank to the amount of his stock, notwithstanding he might have credited that amount on his judgment, and hence there was no consideration for his agreement, and satisfaction should not have been entered.

GENTRY
v.
ALEXANDER,
PRES., &c.

APPEAL from the *Putnam* Circuit Court.

WORDEN, J.—*Gentry* had a judgment against the bank, for the sum of $6,267.85. Various payments had been made upon the judgment. He was a stockholder in the bank, to the amount of $1,175. As such stockholder, he was liable to the creditors of the bank to the amount of the stock held by him, and he agreed that such amount should be applied to the satisfaction of the judgment. Accordingly, on motion of the bank, satisfaction was, by the Court, entered on the judgment. From this order he appeals.

Monday,
June 17.

*The Bank of Gosport* was organized under the general banking law of the State. The Constitution of the State provides, that "The stockholders in every bank, or banking company, shall be individually responsible, to an amount over and above their stock, equal to their respective shares of stock, for all debts or liabilities of said bank, or banking company." Art. 11, § 6. The statutes enact accordingly. 1 R. S. 1852, § 25, p. 158; Acts 1855, § 25, p. 39.

This provision was intended, undoubtedly, for the benefit of the creditors of the bank; and we think it clear that *Gentry* would be liable to such creditors to the amount of his stock, notwithstanding he might have credited this amount upon the judgment which he held against the bank. Hence, there was no consideration whatever for his agreement to credit the amount on his judgment, and satisfaction should not have been entered.

This view is sustained by the decision of the Court of Appeals of *New York*, in the matter of the *Empire City Bank*, 18 N. Y. Rep. 199; where it was held that a stock-holder,

May Term,
1861.

who is also a creditor of the bank, can not set off its indebtedness to him, against his liability for its debts.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded, &c.

*James M. Hughes, J. E. McDonald* and *A. L. Roache,* for the appellant.