| 38 | 203 |
| 60 | 309 |
| 38 | 203 |
| 64 | 366 |

HEZEKIAH BUNNELL *vs.* THE COLLINSVILLE SAVINGS SOCIETY.

The defendant, a savings bank, in the course of its business met with a loss equal to 24 per cent. of the amount of its deposits, which sum was by vote of the directors apportioned *pro rata* among the depositors, and this action of the directors was afterward validated and confirmed by resolve of the General Assembly.

In an action by a depositor to recover his *pro rata* share of such loss, it was held that the defendant was merely the agent of the plaintiff to receive and hold

his money, that the loss was occasioned by the plaintiff's own act through the instrumentality of his agent, and that, independently of the resolve of the General Assembly, he was not entitled to recover.

Whether such resolve of the General Assembly would of itself be a bar to the plaintiff's recovery, *quære.*

ASSUMPSIT for money had and received, brought to the Court of Common Pleas for Hartford county. On the trial the court (*Briscoe, J.*) found the following facts:

The defendant is a savings bank duly incorporated by the legislature of this state by special charter in 1853, and located in the village of Collinsville in the town of Canton, and was duly organized under its charter, and commenced business in the same year. At the time of its organization Seth P. Norton was duly appointed treasurer thereof, and continued to hold that office and to transact the business of the bank to the time of his death, which occurred October 28th, 1867. On the 5th day of November, 1867, one Perry was duly appointed by the directors treasurer of the defendant, accepted the trust, and transacted the business of treasurer till January 1st, 1868, when he resigned his office, and Howard S. Collins was duly appointed by the directors treasurer in his place, and entered upon the duties of the office. It did not appear that Norton or Perry ever gave any bond as treasurer. After the death of Norton, and on or before the 9th day of April, 1868, it was ascertained, as claimed by the directors, that the bank had suffered losses amounting to a sum equal to 24 per cent. of the deposits then in the bank, and at a meeting of directors held April 9th, 1868, the following vote was passed:

"*Voted*, That 24 per cent. of his balance on January 1st, 1868, be charged to each depositor to cover the loss sustained by the bank, it being understood that a dividend is to be declared in the same way to the depositors when all accounts are settled."

Most of the depositors compromised with the bank, and allowed the discount as proposed. A number refused to compromise in that way, or allow said discount, and still others have taken no action whatever. The defendant,

claiming to be insolvent, temporarily suspended payment, but never went into insolvency or bankruptcy, and soon reorganized by the appointment of new officers, and has ever since continued its business as before. The plaintiff has been a depositor with the defendant from the time of its organization, and prior to the vote aforesaid of April 9th, 1868, at the request of some officer of the bank, had had his bank book balanced, and the balance carried forward to a new book, which book and the books of the bank show that there was due from the bank to the plaintiff on the first day of January, A. D. 1868, the sum of $577.14.

The plaintiff on the 6th day of February, 1869, and on the 22d day of January, 1870, drew items of cash from the bank on his account, and at one of the last mentioned dates the treasurer of the bank made the following entry on the plaintiff's bank book, "1868, April 1st. By discount $138.57." But it did not appear that the plaintiff knew that such entry was made at the time, or for some time thereafter, or that he ever consented to it. The defendant recovered a certain sum of Norton's estate, and at a meeting of the directors it was voted that this amount should be credited the depositors on the amount before discounted, and it was so credited, a proportionate amount, viz., $21.43, being credited to the plaintiff. The plaintiff on the 22d day of January, 1870, was paid by the bank all that was due on his account except the sum withheld by virtue of the vote of the directors of April 9th, 1868, less the sum of $21.43, leaving a balance of $116.58. The plaintiff after the payment of January 22d, 1870, made demand of the defendant for the sum so withheld, which the defendant refused to pay, whereupon the plaintiff brought this suit to recover the same.

The General Assembly at the May session, 1870, passed a resolve validating and confirming the act of the directors in passing the vote of April 9th, 1868.

On these facts the question what judgment should be rendered was reserved for the advice of this court.

*Cornwall*, for the plaintiff.

*J. B. Foster*, for the defendant.

PARK, J. We think the facts found by the court below clearly show that judgment should be rendered for the defendant. In the case of *Coite* v. *Society for Savings*, 32 Conn.,173, the court say that saving societies " are in fact large, incorporated agencies for receiving and loaning money on account of their owners. They have no stock and no capital." *   *   * " They are merely places of deposit where money can be left to remain or be taken out at the pleasure of the owner." Their assets consist in loans of money made by them for the benefit of their depositors from whom the money was derived. In case of loss they have no property out of which it can be paid, and if the claim of the plaintiff is correct these institutions would have to go into insolvency and wind up their affairs whenever a loss occurs, however small it may be; in which case depositors would have to bear their proportion of the loss. Had this institution wound up its affairs in consequence of this loss, the plaintiff would not have received any portion of the sum he now seeks to recover, for his proportion of the loss would have been the sum now in controversy. Why should he be benefited because the defendant did not go into insolvency? He knew when he deposited his money that he was placing it at hazard. He put it into the hands of the defendant to be used by it substantially as his agent for his benefit, and in the use so much of it has been lost. What ground has he to complain?

The assets this institution now has belong substantially to the present depositors. How can he obtain his loss? Shall he be paid out of their money? They have an equal right to be paid out of his. Substantially he has lost the sum he now seeks to recover by his own act, through the instrumentality of his agent, and he has no cause to complain.

The view we have taken of the case renders it unnecessary to consider whether the act of the legislature validating and confirming the action of the board of trustees apportioning

Bunnell *v.* Collinsville Savings Society.

the loss of the defendant among the depositors in due proportion, was valid or not. It may well be questioned however whether the act would prevent the plaintiff's recovery, if he otherwise was entitled to recover, for it is obvious if it should have that effect it would impair the obligation of the contract between the parties. But we leave the matter undetermined, as it is unnecessary to consider the question.

We advise judgment in favor of the defendant.

In this opinion the other judges concurred.