WALTER OSBORN AND OTHERS, RECEIVERS, *vs.* MARGARET BYRNE AND OTHERS.

A depositor in a savings bank, who is also a debtor to the bank as a borrower of its funds, can not, upon the insolvency of the savings bank, set off the amount of his deposit against his indebtedness.

Where however a person indebted to a savings bank as a borrower, deposited an amount less than the debt, intending to use the money so deposited for a

payment upon the debt, it was held that the amount deposited could be set off against the debt.

A savings bank is an agent for the depositors, receiving and loaning their money, and its losses are their losses, and are to be borne by them equally, according to their interest.

PETITION for advice as to the execution of their trust, by the receivers of the Townsend Savings Bank of New Haven; brought to the Superior Court in New Haven County.

The petition, after alleging the insolvency of the bank and the appointment of the petitioners as receivers of its assets, by the Superior Court, under the statute, proceeded as follows:

Your petitioners further say that a large portion of the assets of said bank consists of loans made on security by said bank to different individuals and corporations, and your petitioners have found in collecting said loans, that in many cases persons who are indebted to said bank are also depositors of money in said bank, or have received by assignment or transfer the deposits of others, or have become in some other manner the creditors of said bank; and various questions and claims have arisen concerning the rights of such persons to set off the claims which they may hold against the said bank against the claims of the bank upon them, and among others the following questions upon the facts as hereinafter stated, to wit:

1. Margaret Byrne, of said New Haven, on the 29th day of July, 1864, borrowed of the said Townsend Savings Bank the sum of $600, for which sum she gave her note of that date payable to the order of said bank on demand. No demand for payment was made previous to the said appointment of receivers, and said note has never been paid. Afterward the said Margaret Byrne deposited in said bank the sum of $128.13, with the intention of using said sum for a payment upon said loan, which said sum has never been drawn out and now stands to her credit upon the books of said bank. Can the said Margaret Byrne set off said deposit against her said indebtedness to said bank?

2. Jarvis P. Bunce, of said New Haven, on the 10th day of December, 1868, borrowed of said bank the sum of $1,000,

for which sum he gave his note of that date, payable to said bank on demand. No demand for payment was made previous to the appointment of said receivers, and said note has never been paid. . He afterwards deposited in said bank, in the name of his daughter, Fanny J. Bunce, the sum of $563.03, of his own money and for his own use and benefit, which said sum has never been drawn out, but remains upon the books of said bank to the credit of said Fanny J. Bunce. Can the said Jarvis P. Bunce set off said deposit against his said indebtedness to said bank?

3. George E. Ives, of said New Haven, on the 12th day of February, 1870, borrowed of said bank the sum of .$600, for which sum he gave his note of that date payable to said bank on demand. No demand for payment was made previous to the appointment of said receivers, and said note has never been paid. On the 11th day of September, 1874, and at a time when it was generally believed throughout the community that said bank was insolvent, he purchased of a person having a deposit amounting to $500.85 in said bank, said deposit, paying therefor its full par value, and afterwards, on the day and year last aforesaid, caused the said deposit to be transferred to his own name upon the books of said bank. Can the said George E. Ives set off said deposit against his said indebtedness?

4. Charles E. Judson, Warner D. Judson, and George H. Judson, all of said New Haven, partners in business, under the name of Judson Brothers, are indebted to said bank in the sum of seven hundred dollars. George H. Judson, one of said partners, is a depositor to the amount of $634.53. Can the said George H. Judson set off his said deposit against the indebtedness of Judson Brothers to said bank?

5. Ellen Judson was a depositor in said bank to the amount of $104.95. On the 10th day of September, 1874, she drew an order directing said Townsend Savings Bank to pay to the order of George H. Judson the amount due to her from said bank, and delivered the same to said George H. Judson, and the said George H. Judson afterwards, on the same day, endorsed said order and delivered it to said Judson

Brothers. Said order was afterwards presented to said bank, but said bank refused to transfer said account of Ellen Judson to Judson Brothers on the books of the bank. Can the said Judson Brothers set off the amount of said deposit against their indebtedness to said bank?

And now your petitioners say that the cases above stated are of great difficulty, and that they are in doubt as to said questions how they shall decide the same, and that they are advised by counsel learned in the law that they cannot, with safety to themselves and the rights and interests of others, proceed to act in said cases or to decide said questions, without the advice and direction of this court.

Wherefore, and in accordance with the statute in such case made and provided, the petitioners as receivers of said Townsend Savings Bank make this application, and pray the court to take the said cases into consideration and decide the questions arising in said cases, and advise and direct the petitioners in what manner they shall act in said cases so as to enable the said petitioners to execute their said trust as receivers of said bank properly and with safety to themselves.

The court found the allegations of the petition to be true and reserved the case for the advice of this court.

*W. L. Bennett*, for the petitioners.

*L. B. Morris* and *J. T. Platt*, for the respondents.

PARK, C. J. Suppose that *A* should loan to *B* a thousand dollars. We will suppose *A* to be an experienced stock broker, and that *B* knowing this fact, and desiring to avail himself of his skill, deposits with him $1,000, to be invested for his benefit. For a time *B* receives large returns from *A's* investments; but at length a reverse comes, and nearly all the money deposited with *A* is lost. In a suit then brought by *A* against *B* for the money loaned, could *B* set off the $1,000 deposited with *A*? No one would claim that he could. But do these depositors, with the exception perhaps of Margaret Byrne, stand in any better condition than *B* in the case

supposed? It was said by this court in the case of *Coïte* v. *Society for Savings*, 32 Conn., 173, that "savings societies are in fact large incorporated agencies for receiving and loaning the money of their depositors." A like view of the subject was taken in the case of *Bunnell* v. *The Collinsville Savings Bank*, 38 Conn., 203. It was there said:—"The assets of savings banks consist of loans of money made by them for the benefit of their depositors from whom the money was derived.  *  *  A depositor knows when he deposits his money with such an institution, that he is placing it at hazard.  *  *  If the money deposited is lost, the depositor loses it through the instrumentality of his agent, and he has no cause to complain." The bank, in that case had met with a loss of twenty-four per. cent of all its deposits. The plaintiff, who was a depositor, and to whom had been paid the amount of his deposit, less his proportion of the loss, sought to recover the balance. The court held that he had been paid all that he was entitled to receive. The principle of that case seems to us to meet all the questions at bar, with the exception of that pertaining to Margaret Byrne, which we will soon consider. With this exception no arrangement was made in any of the cases that the sums deposited should be received by the bank in part payment of the sums loaned to the same parties. The deposits and the loans are wholly independent of each other, so much so that it does not appear that the one was made in consequence of the other. Under these circumstances, if the bank was merely an agent, in fact, for the loaning of money deposited with it, as the cases cited clearly show, then it follows conclusively that the parties in this case are in the condition of *B* in the case supposed, and the set-offs cannot be made. The debts they owe the institution in form, belong in fact to all the depositors, but neither the depositors nor the institution owe them any thing more on their deposits than their just proportion of the value of the assets that the institution owns. The difference in amount has been lost—has been lost by these parties through the instrumentality of their agent, and they have no right to require that the loss shall fall on the other

depositors, who have already suffered in the same way and to the same extent. The depositors in savings banks bear the same relation to each other and to the assets of the bank that stockholders in other monetary institutions do to each other and to the property of the bank. Disastrous investments affect each in the same way; and in case of insolvency all that a party who owns deposits in the one case or stock in the other can claim, is his just proportion of what remains at the final winding up of the institutions.

We think the set-offs cannot be made in any of the cases, unless one should be allowed in that of Margaret Byrne. It appears in her case that she made a deposit in the bank, not for the ordinary purposes of a deposit, but for the purpose, and with the intention, of applying the same in payment of her indebtedness to the bank to that amount. If the officers of the bank knew for what purpose the deposit was made, although the amount has never been in fact applied in cancellation of so much of her indebtedness to the bank, we think she should be allowed to set off the amount. We refer her case to the Superior Court for a further hearing in regard to the facts, which are not sufficiently found upon this point. If upon such hearing the facts shall be found as we have supposed them, then we advise that the set-off be allowed.

In each of the other cases we advise the Superior Court to refuse the set-off.

In this opinion the other judges concurred.