WEST *v.* THE TOWN OF ERROL.

| 58 | 233 |
| 68 | 292 |
| 58 | 233 |
| 69 | 559 |

Selectmen, without a vote of the town, may sell and negotiate, for the use of the town, negotiable promissory notes, the property of the town.

The holder of a promissory note, given by the selectmen of a town for money borrowed without a vote of the town, may recover the amount thereof, upon showing that the money thus borrowed went to the use of the town, or that the transaction was in some other manner ratified by the town.

A purchase, by the selectmen, of notes which one of their number, without special authority, had previously sold as the property of the town, and the subsequent collection of such notes from the maker, for the use of the town, constitute evidence of a ratification by the town of the act of this selectman in the original sale of the notes.

ASSUMPSIT, on a promissory note, signed by selectmen for the town. B., one of the selectmen, sold to the plaintiff state notes belonging to the town, and received full payment therefor. He had no authority by vote of the town to make such sale, and there was no evidence of the receipt by the town of the avails of the sale, unless it may be inferred from subsequent transactions. Afterwards, all the selectmen, acting as an official board, repurchased the same notes, giving therefor the note in suit, although not authorized by vote of the town to do

so. The avails of the notes thus purchased were received by the town. The defendants objected to the plaintiff's recovery upon these facts, claiming that it was incumbent upon him to show either that the money paid by him for the notes purchased of the selectman was actually applied for legitimate town purposes, or that the sale of the notes to him was authorized or ratified by the town.

*Wm. Heywood, H. Heywood, H. A. Fletcher,* and *E. Fletcher,* for the defendants.

*Ray, Drew & Jordan,* for the plaintiff.

Foster, J. Although selectmen are not regarded as the general agents of a town, " clothed with the general powers of the corporate body for which they act" *(Rich* v. *Errol,* 51 N. H. 350, 354), there are, nevertheless, cases in which they may bind the town by a promissory note. *Sanborn* v. *Deerfield,* 2 N. H. 251; *Andover* v. *Grafton,* 7 N. H. 298; *Carlton* v. *Bath,* 22 N. H. 565; *Sharon* v. *Salisbury,* 29 Conn. 113; *Willey* v. *Greenfield,* 30 Me. 452. They have no authority, without a vote of the town, to borrow money upon its credit— *Rich* v. *Errol,* 51 N. H. 350; still, the holder of a note given for money borrowed in such circumstances may recover, upon showing that the money borrowed went to the use of the town, or that the transaction was, in some other manner, ratified by the town. *Rich* v. *Errol,* 51 N. H. 350, 361.

The consideration for the note in suit was two state notes purchased by the selectmen of the plaintiff, the avails of which have been collected in full, and paid into the treasury of the town. But the defendants contend that, notwithstanding they have received the avails of the state notes, they should not be compelled to pay the note in suit, because it does not appear that the money received by B. from the sale to the plaintiff of the notes which the selectmen subsequently repurchased, ever came to the treasury of the town. In other words, their claim is, that, for want of authority on the part of B. to sell the state notes in the first instance, and in the absence of any evidence that the town received the avails of the sale, the plaintiff never acquired any title to the state notes, and so the consideration for the note in suit (being the state notes thus purchased) has failed.

Although it may not have been competent for B. alone to sell the state notes in the first instance, such a transaction was within the scope of the authority of the board of selectmen, as the prudential agents of the town. It will hardly be contended that it would be unlawful for them to receive payment, from the state, of the debt represented by the notes; and if they had the power to collect the state notes from the makers of the notes, why might they not negotiate them, and receive their avails through their sale? " Pecuniary matters," said Woodbury, J., in *Sanborn* v. *Deerfield,* before cited, " may well be embraced under a strict definition of the word pruden-

tial," as used in the statute.  Gen. St., *c.* 37, *s.* 2.  There is nothing in such a transaction to put a purchaser of the notes on inquiry, as there would be in the case of selectmen borrowing money,—an act which they were incompetent to perform without the authority of the town.  *Rich* v. *Errol,* before cited.

If, then, the selectmen might have sold these notes in the first instance, no reason is apparent why they could not ratify the sale made by B., and bind the town by such ratification, if the town had in fact received the price of the notes sold ; and the subsequent purchase of the notes would seem to furnish evidence tending to show an admission that the town had received their price.  If they did not intend to admit, by repurchasing the notes, that the town's receipt of the price paid by the plaintiff gave him a good title, should they not have brought replevin or trover against the plaintiff for the notes, instead of buying them of him ?

Ratification may be inferred from acts inconsistent with any other supposition.  Dillon Mun. Corp., *ss.* 385, 386 ; *Wilson* v. *School District,* 32 N. H. 125 ; *Backman* v. *Charlestown,* 42 N. H. 125.  Upon the facts stated, it would seem that the plaintiff is entitled to recover ; but, by the provisions of the case, a right of trial by jury is reserved.

*Case discharged.*

Bingham, J., did not sit.