COGSWELL & a. *(Bank Commissioners)* v. THE ROCKINGHAM TEN CENTS SAVINGS-BANK.

The general depositors in a savings-bank are not creditors of the bank. They stand in the same relation to the assets of the bank as stockholders in a bank of discount.

Upon the insolvency of a savings-bank, a general depositor cannot set off his deposit against a debt due from him to the bank.

When a savings-bank is wound up by insolvency proceedings, under Gen. St., c. 152, the expenses of the assignment and the debts of the bank are to be first paid in full, and the assets remaining divided among the general depositors according to their interests.

A savings-bank. having received special deposits out of the ordinary course of business of a savings-bank, and appropriated such deposits

to the use of the bank, is liable to repay the amounts received, and to that extent is estopped to claim that the receiving of such deposits was not authorized by its charter.

In an action by the holder of a check against the drawer, delay in demanding payment of the drawee is not a defence, unless the drawer has suffered loss by reason of such delay.

INSOLVENCY PROCEEDINGS, for winding up the defendant bank, under Gen. St., c. 152.

D. and F. having special deposits in the bank for safe keeping, to be checked out on call, and the Portsmouth Savings-Bank being the indorsee for value of a check drawn by the defendant bank on a Boston bank, in payment of a deposit, claimed payment in full, as creditors, in preference to the claims of the general depositors.

*Hatch,* for Davis and Fernald, special depositors.

*Rollins,* for the Portsmouth Savings-Bank.

*Hackett,* for the general depositors.

CLARK, J.   The assets of savings-banks consist of loans of money made by them for the benefit of their depositors, from whom the money was derived, and correspond to the capital stock in banks of discount, and depositors in savings-banks stand in the same relation to the assets of the bank as stockholders to banks of discount.   *Bunnell* v. *Collinsville Bank,* 38 Conn. 203; *Simpson* v. *Savings-Bank,* 56 N. H. 466, 467; *Osborne* v. *Byrne,* 43 Conn. 155.   They are the owners of the funds of the bank, entitled to share in its profits and liable to bear its losses *pro rata,* and upon the winding up of the business of the bank each depositor is entitled to his share of the assets or property remaining after the payment of the debts.   The depositors are in fact the bank, while the corporation is but an agency for receiving and loaning the money of the depositors.   *Coite* v. *Society for Savings,* 32 Conn. 173.   And the trustees and officers of the bank are the agents of the depositors.   The claim of a savings-bank depositor to his share of the earnings or deposits cannot be considered as a debt against the bank.   *Cushing, J.—Simpson* v. *Bank, supra.*   Neither can such share be set off by a depositor against a debt due from him to the bank.   *Osborne* v. *Byrne, supra.*   The general depositors can, after demand, maintain actions at law against the bank for the amounts of their deposits when they are entitled to withdraw them under the regulations of the agency and according to its peculiar constitution *(Makin* v. *Savings Inst.,* 23 Me. 350), but, being the proprietors of the funds of the bank, they are not creditors of their own investing agent, in a general sense, or for all purposes.   They

can maintain such an action because, by the constitution of the agency, they are to receive their money back from their agent. An ordinary corporate stockholder cannot maintain an action against his corporation for the amount or value of his stock, because by the constitution of the agency he is not to receive his money back from the agent.

In the present case Davis and Fernald do not belong to the class of general depositors. Their deposits were special. They had no share or interest in the profits or earnings of the bank. The bank received their money and used it, and it went into the general fund. The transaction was in the nature of a loan. *Keene* v. *Collier*, 1 Met. (Ky.) 415; *Franklin Bank Case*, 1 Paige 249. Whether they received interest upon their deposits is not material. If they were allowed interest, it was compensation for the use of their money; and if none was allowed, the bank had the use of their money for taking care of it. In either case the money when deposited became the money of the bank, and they became its creditors.

But it is contended that the receiving of deposits of this character, to be paid out on call, was not within the authorized business of the bank. Admitting this to be so, the bank, having received the money and converted it to its use as a part of the general fund, must be held to account for it, and the claims of Davis and Fernald are debts to be paid in full. *Rich* v. *Errol*, 51 N. H. 350, 361; *West* v. *Errol*, 58 N. H. 233.

The claim of the Portsmouth Savings-Bank is a check, dated July 14, 1876, drawn by the defendant bank upon the Freeman's National Bank of Boston, payable to the order of Harriet Thurston, and endorsed and delivered by her to the Portsmouth Savings-Bank July 15, 1876, the bank paying the full amount therefor. Payment of the check was demanded of the Freeman's National Bank July 20, 1876, and refused, and it was protested for non-payment. The case finds that this check was received by Harriet Thurston from the defendant bank in payment of a deposit previously made by her therein. The defendant bank had no funds in the Freeman's National Bank July 14, when the check was issued, nor on the 20th of July, when it was presented, nor at any time between those dates; but by an arrangement with the Freeman's bank the defendant bank was authorized to draw the check, and the Freeman's Bank was bound to pay it, and so continued for six days after the check was drawn, and it would have been paid if presented at an earlier day.

In an action by the holder of a bill or check against an indorser, it is necessary for the holder to show that he has exercised reasonable diligence in presenting the same and demanding payment; but in an action by the holder of a check against the drawer, delay in demanding payment of the drawee is not a defence unless the drawer has suffered loss by reason of such delay. Edwards Bills

396; .*Cox* v. *Boone*, 8 W. Va. 500; Byles Bills 14; 2 Pars. Notes and Bills 72, 73, 74.

The defendant bank having no funds in the Freeman's Bank when the check was drawn, and there being no suggestion of any loss in consequence of the delay in presenting the same to the Freeman's Bank for payment, is not discharged from its liability as drawer by the delay. The check, therefore, is a valid claim against the bank. It was issued in payment of a deposit, and received as such; and the Portsmouth Savings-Bank, being a *bona fide* holder for value, is a creditor of the defendant bank, and as such entitled to full payment of its claim.

*Case discharged.*

DOE, C. J., did not sit: the others concurred.