HOBART, Receiver, etc., *v.* GOULD.

*(District Court, D. New Jersey.    July 11, 1881.)*

1. NATIONAL BANK—INSOLVENCY—STOCKHOLDER A CREDITOR—ASSESSMENT—SET-OFF—REV. ST. § 5151.

A stockholder of an insolvent national bank, who happens also to be one of its creditors, cannot cancel or diminish the assessment to which the provisions of section 5151, Rev. St., make him liable, by offsetting his individual claim against it.

2. SAME.

Section 5151 of the Revised Statutes of the United States, among other things, provides that the shareholders of every national banking assocation shall be held individually responsible for all contracts, etc., to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. *Held,* that, upon the insolvency of such a bank, a shareholder who happens to be one of its creditors cannot cancel or diminish the assessment to which the provisions of this section make him liable, by offsetting his individual claim against it.

Demurrer to Plea.

*A. J. Keasbey,* for the receiver.

*C. F. & C. E. Hill,* for defendant.

NIXON, D. J. Section 5151 of the Revised Statutes of the United States, among other things, provides that the shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such associations, to the extent of the amount

of their stock therein, at the par value thereof, in addition to the amount invested in such shares; and section 5234 authorizes the comptroller of the currency, on proof of the existence of certain conditions, not necessary to be specified here, to appoint a receiver, whose duty it shall be to enforce such individual liability of the stockholders.

The plaintiff is the receiver of the First National Bank of Newark, and has brought this suit against the defendant to recover the amount due to the receiver, upon the assessment made by the comptroller upon the defendant as one of the shareholders of the association.

The third plea, to which the plaintiff has demurred generally, sets forth that the First National Bank of Newark, of which the plaintiff is receiver, is indebted to the defendant in large sums of money, which exceed the damages sustained by the plaintiff by reason, etc., out of which sum the defendant is ready and willing, and offers, to set off and allow the full amount of the damages claimed.

The demurrer raises the question whether such set-off is allowable; i. e., whether a stockholder of a national bank, who happens also to be a creditor, may cancel or diminish his assessment by offsetting his individual claim against the association.

Considering the ends plainly in contemplation by the foregoing provisions of the statute, it would seem, upon principle, that no such escape from liability should be permitted by the shareholder. The object of the act was to make the holders of the stock responsible for a trust fund, equal, if necessary, to the amount of the capital of the bank, and to be devoted to the payment of all the creditors alike. If the receiver, in his appeals to the shareholders for the payment of the assessments against them, may be met by their claims as creditors of the association, it is not difficult to imagine cases in which the beneficent object of the law might be wholly defeated. Besides, the right to a set-off in pleading is a creature of the statute, and applies only to mutual dealings, and no such relations exist between the parties here. The liability to be enforced against the shareholder is not a debt due to the bank, but is a sum of money equal to the par value of his stock, payable by him to the receiver as an officer of the government by force of the law, and the assessment authorized and made by the comptroller. The effect of allowing such a set-off is to give the shareholder an advantage over other creditors. It practically pays his debt in full, and, by leaving so much less for others, diminishes his liability as a stockholder, which it was clearly the design of the law to impose.

The reported cases, so far as they go, sustain this view. It was upon this principle that the chancellor of New Jersey, in the recent case of *The Attorney General* v. *The Mechanics' & Laborers' Savings Bank*, (5 Stew. 163,) held that a depositor who borrowed money from the bank, secured by his note or mortgage, could not offset his debt against the amount of his deposit at the time when the decree of insolvency was made. In reaching this result he was following the well-considered case of *Osborn* v. *Byrne*, 43 Conn. 155, in which the supreme court of Connecticut, in answer to the petition of the receiver of an insolvent savings bank, praying for instructions, decides that the borrower of the funds of the corporation should not be allowed to offset his deposits against his indebtedness.

The question, so far as I know, has never been before the supreme court of the United States for decision; but the cognate one, whether a stockholder, who had given his notes for his stock subscription, and who was sued thereon after the insolvency of the institution, might offset debts due to him from the corporation in the ordinary course of business, has received full discussion, and the court has refused to allow such offset, on the ground that the money arising from the unpaid shares was a trust fund, to be equally divided among all the creditors. *Sawyer* v. *Hoag*, 17 Wall. 610. If there be any difference in principle between that case and this, I am not able to perceive it. The whole object of the individual liability of the shareholder provided for in the act, was to create a fund in case of insolvency for the payment of the general creditors equally and ratably; and if the capital must be regarded and treated as a sacred trust for such a purpose, much more so, the equivalent sum to be derived from the enforcement of the liability provision.

The court of appeals of New York (*In re Empire City Bank*, 18 N. Y. 199) examined the same question, arising under the general banking law of that state; and the provisions of the two banking systems are so nearly alike in regard to the personal liability of the shareholders that the judgment of the learned court is entitled to great weight and consideration here. Judge Denio, in answer to the claim of one of the appellants that, being a creditor of the bank as well as a stockholder, he was entitled to set off the indebtedness of the bank to him against his liability, speaking for the court, said:

"Under a proceeding for winding up a corporation, where an account of all the debts and of all the effects, including the aggregate liabilities of the stockholders, is required to be taken, there is no reason why a creditor should be in any better situation on account of being at the same time a stockholder.

In the latter character the constitution and the statute make him liable to the creditors to an amount equal to his stock, or to his just proportion of that amount, if the whole is not required; but as a creditor he is entitled only to a dividend in proportion to the other creditors. In case of a deficiency in means to pay all the debts, he must take his dividend *pro rata.* But if he could set off his claim as a creditor against his liability as a stockholder, he might be paid in full, while the other creditors would receive only a part of the amount due them."

And Morse, in his excellent treatise on Banks and Banking, (p. 500,) in stating the different defences in suits against shareholders, says:

" Where one is a creditor as well as a stockholder he cannot avail himself of the debt owing to him by the bank by way of set-off to diminish his contributory share. His liability as a contributor for the benefit of creditors must be distinguished from his character as a simple contract debtor to the bank upon ordinary business transactions."

Upon authority, as well as principle, the demurrer to the plea is sustained.