LANGE v. TAYLOR.

Opinion delivered July 6, 1931.

*Carmichael & Hendricks,* for appellant.

*Sam Rorex* and *Nat R. Hughes,* for appellee.

KIRBY, J. The only question for determination here is one of law, whether the owner of shares of stock in a failed bank in the hands of the State Bank Commissioner may set off a sufficient amount of her deposit in the bank to discharge the 100 per cent. assessment of her stock therein levied by the Bank Commissioner in accordance with the statute.

The statute, § 702, Crawford & Moses' Digest, reads as follows: "The stockholders of every bank doing business in this State shall be held individually responsible equally and ratably, and not one for another, for all contracts, debts and engagements of such bank to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such stock; provided, that persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to liability as stockholders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in such trust fund would be, if living and competent to act and hold the estate in his own name."

In *Davis* v. *Moore,* 130 Ark. 128, 197 S. W. 295, the court construing this statute, said: "The language of this section, as well as many other provisions of the statute, are copied from the National Banking Act of Congress, which had been construed by the Supreme Court of the United States prior to the passage of our statute. In other words, our statute is a borrowed one, and, according to established canons of construction, we take the statute with its judicial interpretation. * * * The provisions of our statute are almost identical with the National Banking Act with regard to the enforcement by the Bank

Commissioner of the double liability of stockholders."
* * * Each of the statutes declares the double liability
in precisely the same language." See USCA, title 12,
§ 64, p. 112.

The liability provided by the statute to be enforced
against the stockholders is not a debt due the bank, al-
though it arises out of the contractual relation incident
to the purchase or ownership of the stock, and can not
be considered a penalty, but a sum of money equal to the
par value of their stock, for which the statute requires
they "shall be held individually responsible equally and
ratably, and not one for another, for all contracts, debts
and engagements of such bank to the extent of the amount
of their stock therein, at the par value thereof, in addi-
tion to the amount invested in such stock."

Stockholders in National banks, it is almost uni-
formly held, cannot set off their superadded and in-
creased liability under the National Banking Act against
their individual claims against the insolvent bank, since
this would operate as a preference of the stockholder
over all the other creditors. *Hobart* v. *Gould,* (D. C. N.
J. 1881) 8 Fed. 57; *Wingate* v. *Orchard* (Wash. 1896) 75
Fed. 241, 21 C. C. A. 315; *Williams* v. *Rose* (D. C. N. J.
1914) 218 Fed. 898.

It was said in *Robinson* v. *Brown* (1901 C. C. A.)
126 Fed. 429: "The object of the double liability is to
realize a fund for the ratable payment of all corporate
debts. This fund could not be realized if those who were
at once creditors of the corporation and its stockholders
were permitted to offset their credits and liabilities.
Such creditors would thus gain a preference over all
others."

In *Duke* v. *Force,* 120 Wash. 599, 208 Pac. 67, 23 A. L.
R. 1354, the court held, construing a statute like ours,
that a stockholder creditor could not set off his claim
against the bank against his statutory liability for the
additional assessment, the two claims not being in the
same right, one being a claim in favor of the creditor

against the stockholder, and the other in favor of the stockholder against the bank.

In *Wehby* v. *Spurway*, 30 Ariz. 274, 246 Pac. 759, the court, construing the liability of the stockholder of a bank under the National Banking Act, held his liability was such as could not be set off against the depositor's claim against the bank, saying: "The bank itself has no authority whatever over it; it can neither compel its payment nor release the stockholders from their liability for it. In the collection and distribution of it the receiver represents the creditors as distinguished from the bank, even though in collecting what is due the latter and paying what it owed at the time of insolvency he represents it." The Supreme Court of the United States denied a petition for a writ of certiorari in this case on November 1, 1926, 273 U. S. 722, 47 S. Ct. 112.

Under the Montana statute on stockholder's liability, which is identical with ours, the Supreme Court of that State held in *Barth* v. *Pock*, 51 Mont. 418, 155 Pac. 282, that the fund collected from the assessment of stock was of such a character as to preclude the idea that a stockholder can have his creditor's claim set off against his stockholder's liability. See also *Reimers* v. *Larson*, 52 N. D. 297, 202 N. W. 653, 40 A. L. R. 1177.

For construction of other like statutes holding that the superadded liability of a fund for equal and ratable distribution among the creditors of a bank is not subject to set-offs by stockholders of their claims against the bank, see *Hood* v. *French*, 37 Fla. 117, 19 So. 165; *Gentry* v. *Alexander*, 16 Ind. 471; *Parker* v. *Carolina Sav. Bank*, 53 S. C. 583, 69 Am. St. Rep. 888, 31 S. E. 673. Also *Hughes* v. *Marvin*, 216 Ky. 190, 287 S. W. 561.

In 1 Morse on Banks and Banking (6th ed.), p. 788, it is said: "A stockholder is not entitled to set off against an assessment on his stock the amount of his individual claim against the bank."

Notwithstanding our statute on set-offs is a liberal one, it is readily apparent from the language of the stat-

ute fixing the liability of the stockholder of an insolvent bank "for all contracts, debts and engagements of such bank to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such stock," that it was not the intention to permit the settlement of such liability by a set-off of the failed bank's indebtedness to such stockholder.

It follows from what has been said that no error was committed in sustaining the demurrer to the intervention of appellant in which it was attempted to set off against her double liability as a stockholder to the bank a sufficient amount of the indebtedness due her by the bank as a depositor to satisfy and discharge her additional liability as a stockholder.

The judgment is accordingly affirmed.