[No. 5095.]
# THE PEOPLE v. THE NATIONAL GOLD BANK OF D. O. MILLS & CO.

TAXING STOCK OF CORPORATION.—The revenue act does not make a corporation liable for taxes assessed on its capital stock, when such capital is represented by shares of stock which are not the property of the corporation.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Action to recover $5,324.40, being a tax assessed and levied in the year 1873, on $300,000, the capital stock of the defendant, and on $6,000, solvent debts secured by mortgage, owned by the defendant. The court rendered judgment against the defendant for the tax on its capital stock. The defendant appealed. The defendant was a corporation organized under the act of Congress passed June 3, 1864, entitled "An Act to provide a national currency secured by pledge of United States bonds and to provide for the circulation and redemption thereof."

The forty-first section of the act of June 3, 1864, under which the defendant was organized, and which is now sections 5214 and 5219 of the revised statutes, reserves to the United States an annual tax against these banks of one per cent. upon the average amount of their notes in circulation, one-half per cent. upon the average amount of their deposits, and one-half per cent. on the average amount invested in United States bonds. This is declared to be in lieu of all existing taxes.

This section, however, contains a qualification—a proviso —to the effect there may be a State tax levied upon shares held in those banking corporations by individuals or corporations, to which the further condition is attached, that the rate of taxation shall not exceed the rate imposed upon the shares in banks organized under State authority, or upon other moneyed capital in the hands of individual citizens of such State.

The other facts are stated in the opinion.

*George Cadawalder*, for the Appellant argued, that the Legislature had not the power to levy a tax on the capital stock of national banks not owned by the bank, and cited *McCullough* v. *Maryland*, 4 Wheaton, 318; *Bank of Commerce* v. *N. Y. City*, 2 Black. 624; *Bank Tax Case*, 2 Wallace, 200, and *Van Allen* v. *Assessors*, 3 Wallace, 573. He also argued that the act of Congress only authorized taxation of shares of stock in the hands of stockholders, and that the revenue act did not provide for the taxation of the stock, and cited *Hubbard* v. *Supervisors*, 23 Iowa, 131.

*Ed. M. Martin and C. T. Jones*, for the Respondent.

It is settled that the shares of stockholders of the national banks are so far distinct property from that of the corporation as to constitute distinct subjects of taxation, and that such shares may be assessed and taxed without deducting from their valuation the capital of the associations invested in United States bonds. (*Van Allen* v. *Assessors*, 3 Wall. 573; *Bradley* v. *People*, 4 Wall. 459; *People* v. *Commissioners*, 4 Wall. 244; *National Bank* v. *Commonwealth*, 9 Wall. 359; *Utica* v. *Churchill*, 33 N. Y. 233; *McCulloch* v. *Maryland*, 4 Wheat. 316–437.)

The act of 1861, under which the tax in question was assessed, provides for taxing capital stock. (Section 4, Statutes 1861, p. 420; Section 5, Statutes 1861, p. 421.)

By the COURT:

Action to recover delinquent taxes assessed by the city assessor of the city of Sacramento. The act of April 25, 1863, to incorporate said city requires the taxes to be levied and collected in accordance with the general revenue act of May 17, 1861. The finding shows that the defendant was assessed as follows: "Capital stock $300,000, and solvent debts secured by mortgage or otherwise, $6,000." It is further found that the capital of the defendant is $300,000, all of which was and is invested in United States bonds; that its capital stock is $300,000 divided into shares of $100 each; that such shares are owned by persons other than the

defendant, and that the defendant is not interested therein.

It is provided by the act of Congress, under which the defendant was organized, that the capital of the bank, which is invested in United States bonds, shall not be subject to taxation. The defendant can be held liable for the taxes in this case only on the theory that a corporation is liable, under the provisions of the revenue act of 1861, for taxes assessed upon its capital stock—that is to say, the "capital stock" regarded as the aggregate of the stock issued by the corporation. The revenue act does not provide that a corporation shall be so liable, or be assessed therefor; but on the contrary the general provisions of the thirteenth section of the act require that the assessor shall list and assess all property to the person, firm, corporation, association or company owning or having the possession, charge or control thereof. The provision of the thirteenth section, that the owner or holder of stock in any company, etc., the entire capital of which is assessed or invested in property which is assessed, shall not be assessed for his stock, is in effect a provision that when the capital is not so assessed, the stock shall be assessed to the owner thereof. It is also provided by the thirteenth section, that the president, etc., of the corporation, shall furnish a statement "of all the real estate and personal property within the county, owned, claimed by, or in the possession or control" of such corporation; and there is no provision to the effect, that he shall furnish a statement of the capital stock of such company. This provision tends to strongly show that it was the intent of the act, that the corporation should be assessed only for property "owned, claimed by, or in the possession or control" of the corporation.

The question as to the power of the Legislature to provide that the corporation shall be primarily liable for the taxes assessed upon the shares of stock issued by such corporation, is not involved in this case, for the revenue act, as we construe it, does not attempt to declare such liability.

The defendant, not being the owner of the capital stock, the same having issued to and being held by other persons, is not liable for the taxes assessed upon the same.

Judgment reversed and cause remanded, with directions to render judgment on the findings for the defendant.

Wallace, C. J., concurring:

The term "personal property," as employed in the revenue act of May 17, 1861, is therein declared to embrace "the capital stock of all corporations." (Sec. 5.) Under the provisions of section thirteen of the same act it is made the duty of the county assessor to ascertain all personal property in his county subject to taxation, the names of the persons who are owners thereof, and, after estimating its cash value to list and assess such personal property to the person owning it, or having its possession, charge or control. In this case an assessment was made against the National Gold Bank of D. O. Mills & Co., on account of its *capital stock,* and as being *the owners thereof.*

It appears that the bank is incorporated, having a capital of $300,000, its entire capital stock, all duly issued and in the hands of shareholders, consisting of 3,000 shares of the par value of $100 per share. That the bank, under the circumstances, is not the owner of the issued capital stock is plain, and there is no pretense that it had the possession, charge or control of the stock. An assessment to the bank of the capital stock under such circumstances is not authorized by the revenue act of 1861.

I therefore concur that the judgment be reversed and cause remanded with directions to render judgment for the defendant.