Summers, J.
Counsel for defendant claims that until 1879 the defendant was not required to make any return for taxation of the property held by it, but that the depositors were the real owners of the property,and are now, and always have been, required to return their interests for taxation; that in 1879, by an amendment of what is now section 2734 of the Revised Statutes, (76 Ohio Laws, 28), the society was required to return and pay taxes upon the surplus; and that so the matter stood until April 16, 1890, when section 2759b was enacted, and that since that date the defendant has been required to make the return provided by section 2759b; that the society is merely the incorporated agent or trustee of the depositors; that the depositors were, and are, taxed upon their deposits, and the society upon the surplus, and that thus a complete taxation of the entire property is effected, and that this result, and not double taxation, is what the legislature intended, and all that the constitution requires.
Counsel for plaintiff claim that the defendant is now, and always has been, required to list its property in the same manner as an unincorporated bank; that the society in its corporate capacity is the owner of the property; that the deposits are debts owing by the society to its depositors; that under the constitution and laws of this state debts cannot be deducted from cash and bonds, and that Treasurer v. Bank, 47 Ohio St. 503, holding that section 2759, in so far as it provides for the deduction by unincorporated banRs of debts from cash and bonds, contravenes section 2, of article 12, of the constitution, is decisive-of this case.
The defendant, for each of the years in controversy, returned and paid taxes upon its furniture, real estate, and surplus, less that part of the surplus invested in United States bonds,and the court, in onb of its conclusions of fact, finds that in each of said years 1887 to 1892,both inclusive, *134 said savings society paid taxes on a larger amount than it would be required to pay taxes upon, by the letter of section 2759 of the Revised Statutes.
The findings of fact, sustained by the evidence, will warrant no other conclusion of law than that the return for each of the years iu controversy, prior to the year 1892, was not false; so that only the return for 1892 is involved, and the principal question is, does section 2759b of the Revised 'Statutes, in so far as it directs the auditor, in ascertaining the amount to place on the tax duplicate in the name of societies organized under the law of 1867, to deduct the sixth item, the deposits, from the third and fourth items, cash and stocks and bonds, conflict with any provision of the constitution?
Or, to state it in a different form, do the deposits held and controlled by the defendant, The Springfield Savings Society, belong to it, or do they belong to the depositors, and are they held and controlled by the society as the incorporated agent or trustee of the depositors, and for their sole use and benefit? Do the interests of the depositors for the purposes of taxation represent the deposits and the property in which they are invested, and are the depositors taxed upon their interests, and the society upon the remainder of the property not represented by such interests?
“The relation of bank and general depositor is simply the ordinary one of debtor and creditor, not of agent and principal, or trustee and cestui que trust.’’ Spear, J., in Railroad Co. v. Bank, 54 Ohio St. 60, 71. Bank v. Brewing Co., 50 Ohio St. 151; Covert v. Rhodes, 48 Ohio St. 66, 71; Treasurer v. Bank, 47 Ohio St. 503, 522.
But that the relation of savings societies, such asRefendant, and depositor is that of agent and principal, is settled by an unbroken current of authority. Ridenour v. Mayo, 40 Ohio St. 9; Morse on Banks and Banking, sec. 3; *135 Grant on Banking, 614; Commonwealth v. People’s etc., Bank, 5 Allen, 428, 434; In re Newark Savings Inst., 28 N. J. Eq., 552; Cogswell v. Bank, 59 N. H. 43; Osborn v. Byrnes, 43 Conn., 155; Huntington v. Savings Bank, 96 U. S. 388, 394; Stockton v. Bank, 32 N. J. Eq., 163, 165; Hannon v. Williams, 34 N. J. Eq., 255, 258; Mechanics’ Bank v. Granger, 17 R. I. 77; Lewis v. Lynn Savings Inst, 148 Mass., 235; Ward v. Johnson, 95 Ill., 215.
Such societies were authorized, because their objects are conducive to the public good. These are to induce persons of small means, who have not sufficient money to make a loan, or sufficient experience to invest it, to husband their resources by providing a safe agency for receiving and loaning their money, wholly and solely for their benefit.
In some respects the relations between such societies and their depositors are hardly distinguishable from those between corporations and their stockholders. The property of the former is held in trust for its depositors. That of the latter for its creditors and stockholders. Upton v. Tribilcock, 91 U. S. 45, 48. The capital of the latter cannot be withdrawn until the winding up of the company, and the stockholders are given certificates as evidence of their interests in the company. The society can have no capital or anything with which to cany on business other than the deposits; and, in order that it may induce people to entrust their money to its care and so accomplish the objects of its creation, it is necessary that the depositor may,'from time to time, put in whatever he can spare, with the assurance that he can, at any time, upon short notice, draw out the whole or any part, as his desires may prompt or necessities require, without awaiting the winding up of the institution, or relying upon the uncertainties of finding a purchaser for his interest. And so the law provides that he may withdraw his deposits upon thirty days’ notice, and that an account shall be given him in a book, or otherwise, of the *136 sum deposited, which shall be the evidence of his property in such society.
In Jones v. Davis, 85 Ohio St. 474, it was determined that for the purposes of taxation, the capital stock of the corporation is represented by whatever it is invested in, and that when the corporation is required to list its personal property for taxation, the owner of shares of its capital stock is not required to list his shares for taxation.
Judge Cooley, speaking of what is meant by duplicate taxation in its proper sense, and “which would render it wholly inadmissible under any constitution requiring equality and uniformity in taxation,” and then giving instances of such duplicate taxation, says:
“The same may be said of a tax on the property of the corporation, and also on the capital which is invested in the property; if the latter is taxed as property, this also is duplicate taxation, and as much unequal as would be the taxation 'of a farmer’s stock by value when on the same basis it is taxed as a part of his general property. When, for instance, the money paid in as capital of a manufacturing corporation has beer; invested in buildings and machinery, these are what then represent the capital, and to tax the capital as valuable property distinct from that which then represents it, would be to tax a mere shadow; it would be to make the shadow stand for the substance in order that it might be taxed, when the substance itself is taxed, directly under its own proper designation.”
And in a foot note he says:
“That the capital of a corporation is represented by the property in which it has been invested can hardly require the citation of authorities, but the following may be referred to” — citing twenty-six cases from twelve different states. Cooley on Taxation, 225.
Now, it is evident that the depositors’ property in such society and the deposits, or that in which they are invested, are for the purpose of taxation just as clearly reciprocals as are stockholders’ shares of stock and the capital stock or *137 ---:-- that in which it is invested; and if the depositors are taxed upon the reciprocal of the deposits or that in which they are invested, and the society is taxed upon the real estat-e, furniture, surplus and undivided profits, the whole property is taxed, and not only is no provision of the constitution violated, but, perhaps, all is exacted that' the constitution will permit.
In Exchange Bank of Columbus v. Hines, 3 Ohio St., 1, 15, Bartley, C. J., says:
“Uniformity in taxation im plies equality in the burden of taxation.”
And, on page 43, Thurman, J,, says:
“In regard to taxation, equality is the great idea of the constitution. Inequality was the pre-existing evil. Equality is the remedy. ”
And, on page 45, speaking of section three, of article twelve of the constitution, he says:
“Eor this same section of the constitution declares that the objects of taxation belonging to banks and bankers shall be taxed, so that all property employed in banking shall always bear a burden of taxation equal to that imposed on the property of individuals. The burden is to be not less, not greater, but equal.”
“ It is a fundamental maxim in taxation that the same property shall not be subject to a double tax by the same party, either directly or indirectly; and where it is once decided that any class of property is liable to be taxed under one provision of the statutes, it has been held to follow, as a legal conclusion, that the legislature could not have intended that the same property should be subject to another tax, though there may be general words in the law which would seem to imply that it may be taxed a second time. This is a sound and very just rule of construction, and it has been applied in many cases where, at first reading of the law, a double taxation might seem to have been intended. ” Cooley on Taxation, 227.
The power of taxátion is included in the legislative power, *138 and under this power, subject to the limitations of section 2 of article 12, that “Laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also all real and personal property, according to its true value in money,” and other limitations of the constitution, all our laws defining the different subjects of taxation, providing for the listing, valuing and taxing of property and for the collection of taxes, have been passed, and subject to these limitations the legislature is the sole judge of the mode and manner of and the agencies which shall be employed in its exercise. And in the exercise of this power the legislature may tax property in the possession or under the control of an agent in the name of such agent, or in the name of the owner, or partly in the name of each, subject to the constitutional mandate that all the property must be taxed, and according to its true value in money.
It only remains, then, to determine whether the depositors ■ are required to return for taxation their “property” in these societies.
Section 2730 consists of definitions, and some of them-are as follows:
“The term ‘money’ or ‘moneys,’ shall be held to mean * * * every deposit which the person owning, holding in trust, or having the beneficial interest therein, is entitled to withdraw in money on demand; the term ‘credits’ shall be held to mean the excess of the sum of all legal claims and demands, * * * including deposits in banks or with persons in or out of this state, other than such as are held to be money, as hereinbefore defined.” * * * *
“Also personal property shall be held to mean and include, first, every tangible thing being the subject of ownership, whether animate or inanimate, other than money, * * * second, the capital stock, undivided profits, and other means not forming part of the capital stock of ery company, whether incorporated or unincorporated, *139 and every share, portion, or interest in such stock, profits or means, by whatsoever name the same may be designated. ”
That is to say personal property shall be held to mean and include every interest in the capital stock, undivided profits, and all other mean» not forming part of the capital stock, by whatsoever name the same may be designated, of every company, whether incorporated or unincorporated.
Section 2731 provides that:
“All property, whether real or personal, in this state * * * and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state, shall be subject to taxation, except only such as may be expressly exempt therefrom.”
Section 2735 prescribes where, and section 2736 as.of what day, personal property is to be listed, and section 2737 what the list or statement shall contain, and some of the specifications are as follows:
“Seventh — The total value of all articles of personal property, not included in the preceding or succeeding classes.
“Thirteenth — Moneys on hand or on deposit, subject to order.
“Fourteenth — The amount of credits as hereinbefore defined.
“Fifteenth — The amount of all moneys invested in bonds, stocks, joint stock companies, annuities, or otherwise.”
Section 2739 lays down the rule for valuing personal property:
“At its usual selling price or at such price as it is believed could bo obtained therefor, in money; investments in bonds, stocks, joint stock companies, or otherwise, shall be valued at the true value, thereof, in money; money, whether in possession or on deposit, shall be entered on the statement at the full amount thereof, * * * and every credit for a sum certain, * * * shall be valued at the full amount of the sum so payable.”
“Section 2746: Personal property of every description, *140 moneys and credits, investments in bonds, stocks, joint stock companies, or otherwise, shall be listed in the name of the person who was the owner thereof on the day preceding the second Monday of April, in each year: but no person shall be required to list for taxation any share or shares of the capital stock of any company, the capital stock of which is taxed in the name of such company.”
These laws were enacted with a view to a compliance with the constitutional mandate that:
“Laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also all real and personal property, according to its true value in money.”
And, whether or not the interests or“property” of depositors, in savings societies organized under the law of 1867, might be held to be a deposit, which the owner is entitled to withdraw in money on demand,and therefore comprised in the term “money, ”or a deposit which the owner is not entitled to withdraw in money on demand,and therefore embraced in the term “credit,” there can be no doubt that that part of the definition of personal property in section 2730, already given, to-wit: “Personal property shall be held to mean and include every interest in the capital stock,undivided profits, and all other means not forming «part of the capital stock, by whatsoever name the same may be designated, of every company, whether incorporated or unincorporated, ”is sufficiently comprehensive to include the interests of such depositors, and that they must be returned under the fifteenth item of section 2737. If not, then certainly under the seventh item of that section.
It will be noticed that the subjects of taxation mentioned in the first clause of sec. 2, art. 12, of the constitution are “moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise.”
Section 2730 defines “moneys,” “credits,” “investments in bonds,” and “investments in stocks,” and that part of *141 the definition of personal property already given is an attempt to define the remaining subjects of taxation mentioned in the first clause of sec. 2, art. 12, to-wit:
“Investments in * * joint stock companies, or otherwise. ’ ’
“The true meaning or construction of these provisions may be discovered in the reasonable and proper assumption that the legislature intended to provide for the imposition of taxes in accord with the declared meaning of the constitution. ’’ McIlvaine, J., in Payne v. Watterson, 37 Ohio St. 121, 125.
These words of the constitution which embrace the interests of these depositors, are found in section 2731, requiring such interests to be taxed unless expressly exempt; in section 2737, requiring such interests to be listed; in section 2739, requiring them to be valued at the true value thereof, in money; and in section 2746, requiring them to be listed in the name of the person who was the owner on the day preceding the second Monday of April.
The interests of such depositors are nowhere exempt from taxation, and they would not be exempt even if they had been specified along with shares of capital stock in section 2746, because the capital stock of savings societies organized under the law of 1867, is not taxed in the name of the societies.
In The People v. National Gold Bank, 51 Cal. 508, 510, the court say
“The provisions of the thirteenth section, that the owner or holder of stock in any company, etc., the entire capital of which is assessed or invested in property which is assessed, shall not be assessed for his stock, is, in effect, a provision that when the capital is not so assessed, the stock shall be assessed to the owner thereof. U
In this state'it is not necessary to resort to construction. The decisions of other states may be of little assistance, *142 because of different constitutional and statutory provisions, but attention is called to the following: In Augusta Savings Bank v. Augusta, 56 Me., 176, 178, Danforth, J., says:
“The property taxed is the capital of the bank, and, as such, is made up exclusively of the deposits. The deposits are but the parts, the capital the whole, composed of these parts, and, for the purpose of taxation, are one and the same thing, The depositors are taxable for their deposits in the several towns in which they reside, and the capital made up of these deposits can not be again taxed to the corporation. ”
In Worcester County Institution for Savings v. The City of Worcester, 10 Cush. 128, 129, the question was whether the savings institution was taxable on bank stock in which it had invested deposits, the depositors being taxed on their deposits. It was held the institution was not taxable on the stock. Metcalf, J., says:
“This case is not distinguishable from that of banks and manufacturing corporations, in which the stockholders-, and not the corporations, are taxable for the stock, with the single' exception of the machinery employed in the manufactures. ”
The State v. Sterling, Pres’t of Savings Bank, 20 Md, 502, 518, where the property was 'taxed to the bank, and not to the depositors, the questions were whether the bank could deduct for that portion of the property invested in non-taxable bonds, and also could deduct the $50.00 exemption allowed by law to each depositor, and the $15,000 exemption allowed each charitable organization, Cockran, J., says:
“Standing thus by legislative intendment as reciprocal representatives of each other, a tax on either of necessity becomes a tax on the other, and upon the same principle the exemption of either, from that liability, would operate as an exemption of the other,” and the deductions were allowed.
*143 In Savings Bank v. Nashua, 46 N H., 389, it was h¿Id that the bank was not taxable on bank stock in which it had invested, the depositors being taxed on their deposits. See, also, People ex rel. v. Badlam, 57 Cal. 594; Beery v. Windham, 59 N. H. 288, 289; Savings Inst. v. Gardner, 4 R. I., 484; Rutland Savings Bank v. Rutland, 52 Vt. 461.
But it may be asked: First, why does not a return by the depositors of their interests at their true value in money accomplish a complete taxation of the property?
Second, why can not the property be taxed wholly in the name of the society?
These questions are pertinent only in so far as they may aid in arriving at the legislative intention. Because, if it be determined that the legislature has provided for taxing the property partly to each, that is a matter entirely within its discretion, if the whole property is taxed.
In answer to the first it may be said, that a complete taxation of the property can not be so effected, because, by reason of the peculiar character of such a society, .the value of a depositor’s interest, so long as the society continues doing business, can never rise above par, and, therefore, for the purpose of taxation, does not represent the furniture, real estate, surplus, and undivided profits.
This is so because the depositor has no occasion to sell his interest, the law providing that he *may withdraw his deposit, and no one would give a depositor more than par, because on depositing an equal amount the law gives such person an Ínteres! just as valuable. The real estate and furniture are for the purpose of transacting the business of the society, and the latter depositors would receive from them and from the surplus just as much benefit as the former. The surplus, the law provides, is to be accumulated *144 and held to insure the depositors against loss from a depreciation of investments, and it adds no more to the taxable value of a depositor’s “property” in the society than does other insurance to the taxable value of the property it covers.
In answer to the second question, counsel suggest that it is not practicable,and that it would require the society to withhold from one set of depositors a part of their deposits, ■or the profits thereon, with which to pay taxes on the deposits of another set. So far as it is a question of power, no reason is apparent why the legislature may not tax the ■property wholly in the name of the societies; but in the ■exercise of the power it might be found difficult, if not impossible, to devise a plan which, while practicable in effecting taxation of the whole property, might not at the same time operate to deprive some persons, and those the most •deserving, of the one hundred dollars exemption to which, •by law, under the constitution, all persons are justly entitled.
It is not assumed that all of the foregoing considerations were present in the mind of the legislature. But, whether the result of chance, or design, it would be difficult to devise a better mode for the taxation of this property, or one more just.
In Treasurer v. Bank, 47 Ohio St. 503, the claim was not made, and could not have been made successfully, that the deposits were not the property of the bank. The claim was that section 2759 simply prescribed ihe mode for ascertaining the value of the bank’s property employed in banking, and to sustain that claim it would have been necessary, not only to overrule The Exchange Bank of Columbus v. Hine, 3 Ohio St. 1, but to go beyond the position occupied by Judge Ranney in that case, for he did not claim that debts should be deducted from cash and investments in bonds and stock. But, necessarily, for every dollar of property held by the bank as deposits, a dollar of debts exists from the bank to the depositor; so that when the court *145 in Treasurer v. Bank, supra, had determined that the value of the bank’s property could not be determined by a mode which in effect exempted part of the property from taxation,it was necessary, inasmuch as debts can be deducted in ascertaining the value of credits, to go still farther and determine whether the effect of section 2759 was to exempt part of the property of the bank from taxation by providing for a deduction of debts from cash and bonds, as well as from the sum of all legal claims and demands. The debts exceeded the sum of all the bank’s legal claims and demands, so that an application of the provisions of the section would have exempted the bank’s cash and investments in bonds and stock from taxation to the extent of the excess of the debts over the sum of the legal claims and demands; and the court therefore held the section unconstitutional in so far as it authorizes the deduction of debts from anything but what goes to make up credits.
The legislature, when it passed the act of 1867, providing for the taxation of bank shares and bankers, and which directed the deduction of deposits, assumed that the deposits belonged to the depositors, inasmuch as they were taxed upon them, and that deducting them would leave the bank to pay upon its capital, Other banks were not taxed upon deposits, nor did the shareholders in such banks pay taxes upon deposits in paying taxes upon the value of their shares. The value of such shares is determined by the solvency of the bank, the amount of its surplus and its earnings. The legislature did not regard the deposits as 'debts. A deduction from property liable to taxation is no-" where authorized by reason of debts. “Credits” is a subject of taxation, and by section 2730, the term is defined to mean, in brief, the excess of the sum of all legal claims and demands, due to the person liable to pay taxes thereon, when added together, over and above the sum of legal bona fide debts owing by such person. Debts are considered *146 only in determining credits. Even™such deduction, ever since the decision of Exchange Bank of Columbus v. Hine, 3 Ohio St. 1, was known to be|of doubtful constitutional validity, and never since that decision has it been claimed that debts can be deducted from|anything but the sum of all legal claims and demands.
The legislature was mistaken as to^the relations existing between an unincorporated bank”and its general depositors. The deposits belonged to the bank, and could not, therefore, be deducted from the sum of its holdings ^determining the amount upon which the bank was to be taxed,[nor[could they be deducted as debts from cash and stocks and bonds. As to the ownership of the deposits, the capital, of[a savings society organized under the act of 1867, the legislature was not mistaken.
And the fact, if^it be a[fact, that a depositor may,¡[upon demand, the expiration of notice and refusal of the society to pay him the amount of his deposit, the society being solvent, sue the society for the amount of his deposit as for a debt, can not in any way affect the ownershipjjof the property of the society by its depositors. The right to withdraw, as has been already pointed out, being necessary in order to obtain depositors, is expressly given- by the act of^ the legislature, and provided for by the rules, regulations^- and by-laws of the society, to which every depositor is required by law to assent.
Section 2759b requires a return^of all the property, and the society to pay taxes upon all of it that is taxable excepting so much of it as is represented by the deposits, and the depositors being required to return and pay taxes^upon the value of their interests, which, for the purpose of taxation, are the reciprocals of the^deposits, a complete taxation of the whole property is effected, and no provision of the constitution is violated.
’ The defendant did not make a return for the year 1892, *147 in accordance with the provisions of section 2759b, but the court of common pleas found, as a conclusion of fact, and the conclusion is sustained by the evidence, that the amount returned for that year by the defendant, and upon which it paid taxes, was in excess of the amount upon which it was required to pay, as ascertained by that section.
Chase Stewart, W. A. Scott and N. JS. Warwick, for Plaintiff.
Bowman & Boioman and Oscar T. Martin, for Defendant.
The returns for the preceding years were not false. There are no errors prejudicial to the plaintiff in error apparent in the record, and the judgment of the court of common pleas is affirmed.